UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN DWIGHT BOLLIN,<br>TDCJ No. 2227492, | § § § | |
| Petitioner, | § § | |
| v. | § | CIVIL NO. SA-19-CA-0831-FB |
| LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* petitioner Jonathan Dwight Bollin's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and supplemental Memorandum in Support (ECF No. 1), as well as respondent Lorie Davis's Motion to Dismiss (ECF No. 17).[1] Petitioner challenges the constitutionality of his 2013 state court conviction for aggravated assault with a deadly weapon, arguing: (1) he received ineffective assistance when counsel advised him to plead guilty without investigating evidence that would prove his innocence, (2) his guilty plea violates his rights to equal protection and to be free from self-incrimination, (3) the "fictitious address" used on his indictment constitutes new evidence establishing that he is actually innocent of the offense charged, and (4) for the same reason, the indictment was invalid and the trial court lacked jurisdiction. In her motion to dismiss, respondent contends petitioner's federal habeas petition should be dismissed with prejudice as untimely.

---

[1] Petitioner did not file a reply to respondent's Motion to Dismiss despite the fact that he requested, and this Court granted, an out-of-time extension of 30 additional days to do so. (ECF Nos. 7, 19).

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegation is barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In July 2013, petitioner plead guilty to the offense of aggravated assault with a deadly weapon and was sentenced to five years of imprisonment. *State v. Bollin*, No. 2013-CR-5453W (290th Dist. Ct., Bexar Cnty., Tex. July 31, 2013); (ECF No. 18-5 at 41-42). Pursuant to the plea bargain agreement, petitioner pleaded "true" to the deadly weapon finding contained in the indictment and waived his right to appeal. (ECF No. 18-5 at 26-34). As a result, petitioner did not appeal his conviction and sentence. Instead, petitioner waited until February 17, 2016, to challenge his conviction by filing a state habeas corpus application, which the Texas Court of Criminal Appeals (TCCA) denied without written order on August 10, 2016. *Ex parte Bollin*, No. 85,254-01 (Tex. Crim. App.) (ECF Nos. 18-1 and 18-5 at 20). Almost three years later, on June 3, 2019, petitioner placed the instant federal habeas petition in the prison mail system. (ECF No. 1 at 10).

## II. Timeliness Analysis

Respondent contends petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Under this statute, a state prisoner has one year to seek federal habeas review of a state court conviction, starting, in this case, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

Here, petitioner's conviction became final August 30, 2013, when the time for appealing his judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later—on August 30, 2014. Because petitioner did not file his § 2254 petition until June 3, 2019—almost five years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.     Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, although § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," it does not toll the limitations period in this case either. As discussed previously, petitioner's state habeas application was submitted in February of 2016, well after the limitations period expired for challenging his underlying conviction and sentence. Because petitioner filed his state habeas application after the time for filing a federal petition under § 2244(d)(1) has lapsed, it does not toll

the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

**B.** **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner fails to establish that equitable tolling should apply in this case. In fact, petitioner did not file a reply to respondent's motion to dismiss asserting the statute of limitations, and his federal habeas petition failed to demonstrate that an extraordinary circumstance prevented him from filing earlier. Even with the benefit of liberal construction, petitioner has provided no justification for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, petitioner fails to demonstrate that he has been pursuing his rights diligently. Each of petitioner's allegations concern the constitutionality of his 2013 guilty plea and conviction for

4

aggravated assault. However, petitioner fails to show that these claims (or supporting evidence) could not have been discovered and presented at an earlier date, much less explain why he waited until February 2016 to challenge his conviction in a state habeas application. Because petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegation in this Court, his claim is untimely and barred by § 2244(d)(1).

C. <u>**Actual Innocence**</u>

Finally, petitioner contends he is actually innocent of the crime for which he pleaded guilty because the police report used to eventually indict him used a "fictitious address." In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. As discussed previously, petitioner's argument relies exclusively on evidence—the police reports and subsequent indictment—that were

5

in the record and thus available at the time of petitioner's guilty plea. This does not constitute "*new reliable* evidence" establishing his innocence. Consequently, the untimeliness of petitioner's federal habeas petition will not be excused under the actual-innocence exception established in *McQuiggin*.

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's

procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion

After careful consideration, the Court concludes that petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent Lorie Davis's Motion to Dismiss (ECF No. 17), filed October 25, 2019, is **GRANTED**;

2. Federal habeas corpus relief is **DENIED**, and petitioner Jonathan Dwight Bollin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 5th day of February, 2020.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE